# James Chambers *vs.* Isaac J. Lathrop.

*Error to Muscatine.*

A general demurrer to the whole declaration must be overruled, whenever either of the counts therein is good.

There seems to be no necessity for the intervention of a jury, where the plaintiff is entitled to recover a fixed amount, or one which may be ascertained by arithmetical computation.

Lathrop brought an action of covenant against Chambers, and declared as follows: "For that whereas, heretofore, to wit: On the 13th day of February, A. D. 1837, at the county aforesaid, (Muscatine county) by a certain covenant, then and there made, between the said plaintiff and the said defendant, sealed with their seals, and to the court here shown, the date whereof is the day and year aforesaid, by which the said defendant did covenant and promise to pay to the plaintiff the sum of seventy-five dollars. And the plaintiff in fact avers, that the said defendant hath not paid the sum of money aforesaid.

"And for that whereas the said plaintiff, and the said defendant, on the 13th day of February, A. D. 1837, at the county aforesaid, made a certain article of agreement, or written obligation, under their hands and seals, according to the words following, to wit: ' Article of agreement made and entered into this 13th day of February, A. D. 1837, between James Chambers of the town of Salem, and territory of Wisconsin, county of Muscatine, of the one part, and Isaac J. Lathrop of the same place, of the second part: I, the said James Chambers, doth agree to give to the said Lathrop, the sum of seventy-five dollars, and to let him take the cord-wood that he has cut, and to give him reasonable time to quit the claim that he now lives on, and that the said Lathrop is to give up the claim, to the said Chambers in peaceable terms; and we, for the true performance of this article, do bind ourselves in the penal sum of one hundred dollars, as witness our hands and seals, this day above mentioned.

JAMES CHAMBERS, [SEAL.]<br>ISAAC J. LATHROP, [SEAL.]

Attest, JOHN VANATER.'

" By which said covenant and agreement, the said defendant prom-

ised to pay the sum of seventy-five dollars to the said plaintiff, according to the covenant and agreement, aforesaid. And yet the said plaintiff saith, that although he the said plaintiff, hath performed his part of the said covenant and agreement, yet the said defendant hath neglected to perform his part of the same, and still neglects, and wholly refuses so to do, though often requested, to the damage of the said plaintiff two hundred dollars, wherefore he sues, &c.' "

To this declaration there was a general demurrer, which was overruled, and thereupon there was a judgment entered for the plaintiff, for seventy-five dollars, and costs. A writ of error was then brought and the following errors assigned.

1. The court erred in overruling the general demurrer to the declaration.

2. In rendering judgment without the intervention of a jury of inquiry.

3. (The same in substance as the second.)

HENRY W. STARR, for plaintiff in error.

LOWE, for defendant in error.

BY THE COURT, MASON, CHIEF JUSTICE.—The declaration in this case consisted of two counts, to which there was a general demurrer. This being overruled, judgment was rendered for the plaintiff, for seventy-five dollars, and costs, without the intervention of a jury.

It is assigned for error, in the first place, that the demurrer should have been sustained. If either count of the declaration was good, the demurrer was properly overruled. Although neither of the counts seem drawn up with much professional accuracy, and although the first is doubtless defective, the second appears sufficient in substance to sustain the judgment already rendered.

The other error assigned is, that judgment was rendered on the demurrer, without impannelling a jury to assess the damages. There certainly seems no necessity for the intervention of a jury where the plaintiff is entitled to recover a fixed amount, or one which may be ascertained with arithmetical computation. This case seems to stand in such a predicament. The whole burden of the declaration on which judgment was rendered is a claim of seventy-five dollars, to which by the result of the proceedings the plaintiff has become actually entitled.

The judgment below will therefore be affirmed.